UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07-81071 CIV-HURLEY / HOPKINS

Gary Koenig,

    Plaintiff,

versus

Solid Gold Development Corporation,
and Larry McDonald,

    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT WITH JURY REQUEST

The Complaint with Jury Request of Gary Koenig avers:

### Statutes

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. § 201 *et seq.*, to recover overtime wages against Solid Gold Development Corporation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, costs and expenses of this litigation, and reasonable attorneys' fees. Plaintiff also asserts Florida law claims against Defendant for under-paid straight wages, failure to reimburse Plaintiff for work expenses, and for lost wages for improperly holding Plaintiff's tools for approximately four weeks.

### Jurisdiction

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States of America, specifically the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* (hereinafter

"FLSA" or "the Act").

3. This Court has supplemental jurisdiction over the state law claims herein for unpaid wages, lost wages, and failure to make reimbursements.

## Parties Plaintiff

4. Plaintiff herein is **Gary Koenig**, a person of full age of majority, domiciled and residing in Broward County, Florida.

## Parties Defendant

5. Defendant herein is **Solid Gold Development Corporation**, a Florida Profit Corporation authorized to do and doing business in Florida.

6. At all relevant times, Solid Gold Development Corporation has owned and operated a building development business with a business location in Palm Beach County, Florida, and within the jurisdiction of this Court.

7. At all relevant times, Solid Gold Development Corporation was and is an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

8. At all relevant times herein, Solid Gold Development Corporation had annual gross receipts exceeding $500,000.00.

9. At all relevant times herein, Solid Gold Development Corporation regularly owned and operated a business, and utilized goods which moved in interstate commerce.

10. At all relevant times herein, Solid Gold Development Corporation had at least one employee engaged in "interstate commerce" under the FLSA.

11. At all relevant times, Solid Gold Development Corporation directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and

hence was his employer and/or joint employer under the FLSA.

## Facts

12. Plaintiff was employed by Defendants as a Carpenter from approximately May 1, 2006 through approximately November 4, 2006.

13. Plaintiff frequently worked over forty hours per week, but did not receive any overtime pay from Defendants.

14. Plaintiff was not paid all wages Solid Gold Development Corporation agreed to pay him.

15. Solid Gold Development Corporation failed to reimburse Plaintiff for all expenses reasonably incurred as an employee.

16. Solid Gold Development Corporation improperly retained and withheld from Plaintiff his tools, after his employment ended, causing him loss of work.

## COUNT 1 of 4:
### Fair Labor Standards Act Overtime Claims/ against All Defendants

17. The allegations contained in paragraphs 1 through 16 are reasserted herein and incorporated by reference herein.

18. Pursuant to 29 U.S.C. § 207, Defendants were required not to employ Plaintiff for a workweek longer than forty hours without paying compensation for his employment at rates not less than one and one-half times the employee's regular rate of pay.

19. During the employment of Plaintiff, Plaintiff frequently worked in excess of forty hours in a workweek.

20. However, Defendants negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay him overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, and is entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees.

## COUNT 2 of 4:
### Breach of Contract for failure to pay wages against Solid Gold Development Corporation

22. The allegations contained in paragraphs 1 through 16 are reasserted herein and incorporated by reference herein.

23. Defendant Solid Gold Development Corporation agreed to pay Plaintiff wages for his services as a Carpenter.

24. However, Defendant Solid Gold Development Corporation breached that agreement, paying him a fraction of the wages to which he is entitled.

25. Plaintiff is entitled to recover from said Defendant his underpaid wages for his services as a Carpenter, pre-judgment and post-judgment interest, and is entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees under F.S. 448.08.

## COUNT 3 of 4:
### Breach of Implied Contract for failure to make reimbursements against Solid Gold Development Corporation

26. The allegations contained in paragraphs 1 through 16 are reasserted herein and incorporated by reference herein.

27. Defendant Solid Gold Development Corporation agreed to reimburse Plaintiff costs for his services as a Carpenter.

28. However, Defendant Solid Gold Development Corporation breached that agreement,

failing to reimburse him costs for his services as a Carpenter to which he is entitled.

29. Plaintiff is entitled to recover from said Defendant his costs for his services as a Carpenter, pre-judgment and post-judgment interest, and is entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees under F.S. 448.08.

### COUNT 4 of 4:
### Breach of Contract for lost wages
### against Solid Gold Development Corporation

30. The allegations contained in paragraphs 1 through 16 are reasserted herein and incorporated by reference herein.

31. Defendant Solid Gold Development Corporation failed to allow Plaintiff access to his tools, to which he was entitled, for approximately four weeks after termination of his employment, causing him lost wages for his services as a Carpenter.

32. Defendant breached an implied covenant of good faith and fair dealing in his employment agreement with Defendant, by denying him access to his tools.

33. Plaintiff is entitled to recover from said Defendant his lost wages for his services as a Carpenter, pre-judgment and post-judgment interest, and is entitled to other appropriate legal and equitable relief in the premises, all costs of these proceedings, and attorneys' fees under F.S. 448.08.

### Jury Request

34. Plaintiffs request a trial by jury for all issues so triable.

### Prayer

WHEREFORE, Plaintiff, Gary Koenig, prays that after due proceedings, there be judgment rendered herein in his favor, and against Solid Gold Development Corporation in the

full amount of his unpaid straight-time wage claims, unpaid overtime compensation, unpaid reimbursements, and lost wages for failure to allow Plaintiff access to his tools, plus equal amounts as liquidated damages, pre-judgment and post-judgment interest, costs and expenses, attorneys' fees, and all other damages to which he may be entitled to in the premises.

Respectfully submitted:

_____
STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005/FAX (954) 356-0010
E-MAIL: LAWHELP@EARTHLINK.NET
*PLAINTIFFS' COUNSEL*

Koenig.Complaint.FLSA.101107

JS 44
(Rev 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

GARY KOENIG

**DEFENDANTS**

SOLID GOLD DEVELOPMENT CORPORATION AND LARRY MCDONALD

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   PALM BEACH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

07-81071 CIV-HURLEY / HOPKINS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
STEVEN F. GROVER, PA
ONE E. BROWARD BLVD #700
FT LAUD, FL 33301
TEL. 954-356-0005

ATTORNEYS (IF KNOWN)

07cv 81071-Hurley/Hopkins

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FAIR LABOR STANDARDS ACT, 29 USC 201 ET SEQ., FOR OVERTIME PAY, ETC.

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**
JUDGE _____  DOCKET NUMBER _____

DATE 11/13/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 541502   AMOUNT 350.   APPLYING IFP ____   JUDGE Hurley   MAG. JUDGE Hopkins